# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois  60604**

December 18, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

Nos. 10-3842 & 11-1757

| | |
|---|---|
| DEBORAH O. COONEY, | Appeals from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District |
| *Cross-Appellee*, | of Illinois, Eastern Division |
| v. | No. 1:09-cv-01920 |
| RHONDA CASADY, et al, | Elaine E. Bucklo, |
| *Defendants-Appellees*, | *Judge*. |
| *Cross-Appellants*. | |

**O R D E R**

On August 19, 2013, we affirmed the judgment of the district court and ordered the plaintiff to show why she should not be required to pay the defendants' costs and reasonable attorney's fees on appeal for filing a frivolous appeal. The plaintiff responded to the order, requesting us not to impose Rule 38 sanctions, and each of the defendants submitted a motion for fees. Rhonda Casady requested $30,150 for 67 hours, Andrew Sosnowski requested $8,746.16 for 45.1 hours, and Lesley Magnabosco requested $18,425 for 72.96 hours, for a total of $57,321.16. Maganbosco also requested $5 in costs. Cooney argues that the requested fee awards are excessive.

Rule 38 provides that we may "award just damages and single or double costs to the appellee" if the court determines that an appeal is frivolous. We have determined that Cooney's appeal was frivolous. Having reviewed her response to the show cause order, the defendants' motions for attorney's fees and costs, and the plaintiff's response thereto, we have concluded that damages are appropriate, but not for the full amount of fees and costs requested by the defendants.

The plaintiff advances several arguments as to why the requested fee awards should be reduced; we agree with most of them and note a few of them here. First, she objects to the defendants' inclusion of time spent on their cross-appeal from the district court's order denying their petition for fees and costs. We agree that "[t]here is no reasonable basis for Defendants' request that this Court order Cooney to pay Defendants' attorneys' fees for a cross-appeal that Defendants chose to pursue—especially when this Court ruled in Cooney's favor on that cross-appeal." The defendants overreached in their motions for fees; this justifies a substantial reduction in the amount of fees awarded. A review of the defendants' briefs on appeal reveals that about 57% of that briefing was devoted to the appeal of the denial of defendants' fee petition, whereas about 43% was concerned with the summary judgment ruling. The amount of fees requested should be reduced from the very outset by at least a proportionate percentage.

Cooney also argues that much of the work performed by counsel was unnecessarily duplicative since the defendants filed joint briefs on appeal. This argument is well-taken and warrants a further reduction in fees. In addition, she objects to a fee award at the claimed hourly rates for time spent on clerical or secretarial tasks and she objects to specific instances of overbilling for each attorney. These objections are also well-taken, justifying a further reduction. For all these reasons, we find that the total number of hours each attorney expended on the appeal should be reduced by eighty percent in order to determine a just damages award. Accordingly, with appropriate rounding, Casady's counsel's hours will be reduced to 13.4 hours, Sosnowski's counsel's hours will be reduced to 9 hours, and Magnabosco's counsel's hours will be reduced to 14.4 hours.

Finally, Cooney challenges Casady's counsel's requested hourly rate of $450. The court may award fees based on "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A lawyer's billing rate for comparable work is presumptively reasonable. *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996). However, the reasonable hourly rate must be based on the market rate for the type of legal work provided. *McNabola v. Chi. Trans. Auth.*, 10 F.3d 501, 519 (7th Cir. 1993). Casady's counsel states that he was awarded fees "based on a rate of $425 per hour" in *Pro's Sports Bar & Grill v. City of Country Club Hills*, No. 08-cv-6031 (N.D. Ill.). Although he had

requested an hourly rate of $425, he was awarded $400 an hour. Minute Entry at 2, *Pro's Sports Bar & Grill v. City of Country Club Hills*, No. 08-cv-6031 (N.D. Ill. Nov. 16, 2012), Docket Entry No. 120. Another district judge did award Casady's counsel fees at the $425 hourly rate in a case involving false arrest and false imprisonment claims. See Mem. Op. & Order at 18, *Lally v. City of Chicago*, No. 1:10-cv-05011 (N.D. Ill. May 13, 2013), Docket Entry No. 152. Casady's counsel has supported his request with three billing statements for other cases in which he billed clients at the $450 hourly rate. Yet he offers no additional evidence that the requested rate is in line with the market rate for the type of legal work performed in this case. In response, the plaintiff points to fee awards in civil rights cases based on hourly rates of $325 and $400 for work by attorneys with similar experience as Casady's counsel, which we take into consideration. *See, e.g., Blackwell v. Kalinowski*, 2012 WL 469962, at *5 (N.D. Ill. Feb. 13, 2012) *(*awarding $325 for attorney who had 35 years' legal experience and "had specialized in civil rights litigation for approximately eight years"); *Edwards v. Rogowski*, 2009 WL 742871, at *4–5 (N.D. Ill March 18, 2009) (awarding $400 per hour to attorney who "specialized in § 1983 litigation and criminal defense for over two decades, handling over 150 civil-rights cases, lecturing attorneys on § 1983 matters in continuing legal education classes, and receiving numerous professional awards and distinctions"). Having reviewed the parties' submissions, and based on counsel's experience, we determine that $400 is a reasonable hourly rate for Casady's counsel.

The plaintiff assumes that the requested hourly rates for the other defendants' lawyers are reasonable, and we will do the same. Magnabosco's counsel claims an hourly rate of $250; Sosnowski's counsel claims an hourly rate of $175 and $205, depending on which firm counsel was with at the time. He billed 3.9 hours at the higher rate, and 41.2 hours at the lower rate. This is taken into account in determining an appropriate award. With the discounted hours and reasonable hourly rates noted above, Casady will be awarded attorney's fees of $5,360, Sosnowski will be awarded attorney's fees of $1600, and Magnabosco will be awarded attorney's fees of $3,600.

Magnabosco seeks $5.00 for costs of scanning 20 pages at $0.25 per page, presumably for scanning monthly billing statements attached to counsel's declaration in support of the motion for fees and costs. The Clerk's allowable rate for costs of printing or otherwise producing copies is $0.10 per page. Magnabosco will be allowed costs of $2.50.

We order the plaintiff to pay the defendants the following for the frivolous nature of this appeal. Accordingly,

**IT IS ORDERED** that Casady is awarded $5,360 in attorney's fees, Sosnowski is awarded $1600 in fees, and Magnabosco is awarded $3,600 in fees and $2.50 in costs.